# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01723-WYD-CBS

LARIVIERE, GRUBMAN & PAYNE, LLP

    Plaintiff,

v.

EDWARD H. PHILLIPS, an individual;
JOHN C. HERMAN, individually and as a partner of Duane Morris, LLP;
ALLEN L. GREENBERG, individually and as partner of Duane Morris, LLP;
DUANE MORRIS, LLP, a limited liability partnership;
M. SHANE EDGINGTON, individually and as member of Hensley, Kim & Edgington, LLC;
HENSLEY, KIM & EDGINGTON, LLC, a Colorado limited liability company,
Defendants.

## SUPERCEDING PROTECTIVE ORDER

The following Protective Order is hereby approved as an Order of this Court:

1. The term "Confidential Information" shall mean and include the documents identified on Exhibits A and B hereto, and any and all other documents, information or other materials which are designated in good faith, by any party, as confidential at the time of their production or disclosure. A party receiving information designated as Confidential Information retains the right to challenge or object to the confidential designation. The burden of proof in overcoming such a challenge or objection is on the designating party.

2. The following persons may have access to Confidential Information in this action:

    a. The parties, their employees, and their agents;

    b. Counsel for the parties, including their in-house counsel, if any, who are not involved in management of business affairs of their company;

      c.      Court personnel, stenographic reporters, and videographers engaged in proceedings incident to preparation for trial or trial;

      d.      Clerical personnel and paralegal assistants employed or contracted by counsel for the parties; and

      e.      Such other persons as may hereafter be qualified to receive Confidential Information in this action pursuant to the provisions of Paragraph 3 of this Protective Order.

3.      In addition to the persons defined in the preceding paragraph, any other person who is "reasonably necessary" to assist trial counsel for any party in the preparation for trial or trial of this action may be qualified to have access to Confidential Information through the following procedures:

      a.      Except for disclosure of Confidential Information to an expert witness retained by any party pursuant to F.R.C.P. 26(a)(2), any party proposing disclosure of Confidential Information to any such "reasonably necessary" person shall submit to the other party, by facsimile, a written statement setting forth the name of such proposed person, his or her occupation, and business address;

      b.      Unless the other party shall notify the proposing party of any objection within five (5) business days after the submission of the written statement, such person shall thereafter be allowed to have access to Confidential Information pursuant to the terms and conditions of this Protective Order;

      c.      Should any party timely notify the proposing party of its objection to any such proposed person, which objection shall be made in good faith and on reasonable grounds, the proposing party shall refrain from any disclosure of Confidential

Information to such person until the objection has been resolved between the parties or ruled upon by the Court.

4. Confidential Information shall be used only in connection with this lawsuit, and for no other purpose whatsoever.

5. Confidential Information shall not include any document, information or other material which:

   a. was lawfully in the possession of the receiving party prior to production;

   b. is, at the time of disclosure, in the public domain by publication or otherwise;

   c. the disclosing party, at the time of disclosure, intends to make part of the public domain;

   d. has been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party;

   e. is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

6. Any person, prior to receiving Confidential Information under Paragraphs 2 or 3, shall be furnished with a copy of this Protective Order and shall acknowledge in writing that he or she has read it, understands it, and agrees to be bound by it. Acknowledgment is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Protective Order, including any proceeding relating to the enforcement of the Protective Order.

7. If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

8. Any person in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of the same is maintained.

9. Any pleading, paper or other document filed in this action which contains or discloses Confidential Information shall be filed under seal pursuant to D.C.COLO.L.Civ.R. 7.3.

10. When Confidential Information is discussed, quoted or referred to in any deposition, hearing, trial or other proceeding, the disclosing party shall ensure that only persons qualified to have access are present.

11. When Confidential Information is incorporated in a transcript of a deposition, hearing, trial or other proceeding, the disclosing party shall arrange with the reporter to preserve the confidentiality of such information.

12. Information disclosed at a deposition may be designated as Confidential Information by any party to this action by indicating on the record at the deposition that the testimony is Confidential Information, or by notifying the opposing party in writing within three (3) business days of the receipt of the transcript of those pages and lines that are Confidential Information. Information disclosed at a deposition that is not designated as Confidential Information under the procedure set forth above shall not thereafter be designated as Confidential Information. If a party desires to use designated Confidential Information as an exhibit before or during a deposition for the purpose of review and/or testimony by a

deponent who has not performed the obligations contained in Paragraph 6 of this Protective Order, the deponent shall be made aware of and must agree to those terms on the record prior to reviewing such Confidential Information.

13. This Protective Order is not intended to resolve the admissibility of any materials covered by this Protective Order.

14. Production of the documents identified by HKE on Exhibits A and B, or the production or disclosure of other Confidential Information pursuant to the terms of this Protective Order shall not be treated as or deemed to be a waiver by Mr. Phillips of his attorney-client privilege, *see* Fed.R.Evid. 502(d), or right of confidentiality, and nothing in this Protective Order shall preclude Mr. Phillips from asserting his attorney-client privilege or right of confidentiality as to any third party not named in this lawsuit.

15. Nothing herein shall prevent disclosure if each party designating information as Confidential Information consents to such disclosure. Nor shall anything herein prevent any counsel of the parties from utilizing Confidential Information in the examination of any person who is reasonably alleged to be the author, source or recipient of the Confidential Information, or who is an employee or agent thereof, or who is reasonably believed to have knowledge relating thereto, regardless of which party produced such information.

16. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying generally upon his examination of documents or information designated Confidential Information provided.

17. Nothing in this Protective Order shall bar or otherwise prevent disclosure of documents, materials or information if, despite the fact that a party has designated the same as Confidential Information, the disclosing party subsequently consents to such disclosure in writing.

18. Each party agrees to act reasonably and in good faith in designating documents, materials or information as Confidential Information.

19. If any party receiving documents, materials or information designated as Confidential Information disputes the designation on any grounds, it shall first inform counsel for the disclosing party in writing of its disagreement with the designation and specific grounds for such a disagreement. The parties shall act reasonably and in good faith in attempting to resolve such a dispute. The Court retains jurisdiction to resolve any disputes arising under the terms of this Protective Order. The receiving party shall not disclose the disputed documents, materials or information to any person not permitted to have access until the dispute has been resolved between the parties in dispute or ruled upon by the Court.

20. The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties and any non-party acknowledging these terms pursuant to Paragraph 6 of this Protective Order.

DATED at Denver, Colorado, this 6th day of March, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge