## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CASE NO. 07-CV-01723-WYD-CBS

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,
Plaintiff,

v.

EDWARD H. PHILLIPS, an individual; JOHN C. HERMAN, individually and as a partner of
Duane Morris, LLP; ALLEN L. GREENBERG, individually and as partner of Duane Morris,
LLP; DUANE MORRIS, LLP, a limited liability partnership; M. SHANE EDGINGTON,
individually and as member of Hensley, Kim & Edgington, LLC; HENSLEY, KIM &
EDGINGTON, LLC, a Colorado limited liability company,
Defendants.

and

EDWARD H. PHILLIPS,
Counterclaimant

v.

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,
Counterclaim Defendant.

---

## AMENDED COMPLAINT

---

The Plaintiff sets forth its Amended Complaint as follows:

### JURISDICTION AND VENUE

1.      Plaintiff LaRiviere, Grubman & Payne, LLP is a California limited liability

partnership with its principal office at 19 Upper Ragsdale Drive, #200, Monterey, California

93942 ("Plaintiff" or "LGP").

2.      LGP is a citizen and resident of the State of California.



{00358462.1}

3.     Edward H. Phillips is an individual residing in the State of Colorado with a mailing address of P.O. Box 92, Glen Haven, Colorado 80532 ("Phillips").

4.     Phillips is a citizen and resident of the State of Colorado.

5.     John C. Herman is a lawyer admitted to practice in the State of Georgia and is a resident partner in the Atlanta, Georgia office of the law firm of Duane Morris LLP, Atlantic Center Plaza, 1180 West Peachtree Street NW, #700, Atlanta, Georgia 30309-3448 ("Herman").

6.     Herman is a citizen and resident of the State of Georgia.

7.     Allen L. Greenberg is a lawyer admitted to practice law in the State of Pennsylvania and is a resident partner in the Atlanta, Georgia office of the law firm of Duane Morris LLP, Atlantic Center Plaza, 1180 West Peachtree Street NW, #700, Atlanta, Georgia 30309-3448 ("Greenberg").

8.     Greenberg is a citizen and resident of the State of Georgia.

9.     Duane Morris LLP is a limited liability partnership law firm with offices in a number of states of the United States, but for the purpose of this Complaint operated through its Atlanta, Georgia office located at 1180 West Peachtree Street NW, #700, Atlanta, Georgia 30309-3448 ("Duane Morris").

10.    Duane Morris is a citizen and resident of the State of Georgia.

11.    M. Shane Edgington is a lawyer admitted to practice in the State of Colorado (Bar No. 21830), with an office at 1660 Lincoln Street, #3050, Denver, Colorado 80264 and, at all times pertinent to this Complaint, was a member and manager of the law firm of Hensley, Kim & Edgington LLC, 1660 Lincoln Street, #3050, Denver, Colorado 80264 ("Edgington").

12.    Edgington is a citizen and resident of the State of Colorado.

13.     Hensley, Kim & Edgington LLC is a Colorado limited liability company law firm with offices, at all times pertinent to this Complaint, at 1660 Lincoln Street, #3050, Denver, Colorado 80264 ("HKE").  HKE is now known as Hensley, Kim & Holzer, LLC.

14.     HKE is a citizen and resident of the State of Colorado.

15.     Jurisdiction is based upon 28 U.S.C. § 1332(a) in that complete diversity exists among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiff's damages are a percentage of $2.55M, which percentage total may exceed $1.2M.

16.     Venue is proper in this district under 28 U.S.C. § 1391(a)(2) given that substantially all of the events giving rise to the claims asserted herein arose in the State of Colorado.

### GENERAL ALLEGATIONS

17.     In September 2005, Phillips approached LGP at their offices in Monterey, California, to take over the representation of Phillips in a patent infringement law suit then pending in the United States District Court for the District of Colorado, Case No. 97-CV-00212-MSK-CBC entitled *Edward H. Phillips v. AWH Corporation, Hopeman Brothers, Inc. and Lofton Corporation* ("Patent Case").

18.     At the time he contacted LGP, Phillips had, since 1997, been represented in the Patent Case by Carl F. Manthei, 1205 17th Street, Boulder, Colorado 80302-6315 ("Manthei").

19.     Phillips affirmatively represented to LGP, and upon information and belief, to Manthei that he owned or held Patent No. 4,677,798 which formed the basis for the Patent Case.

20.     Upon information and belief, at the time the Patent Case was filed, Phillips no longer owned or held Patent No. 4,677,798 as a consequence of Phillips' 1991 bankruptcy filing.

21.     Upon information and belief, at the time Phillips approached LGP about representing him in the Patent Case, Phillips knew that he no longer owned or held Patent No. 4,677,798.

22.     At the time Phillips approached LGP, there was a previously scheduled two (2) week jury trial set for February 27, 2006; less than six (6) months in the future.

23.     At the time Phillips approached LGP, the normal discovery phase of trial preparation in the Patent Case had been completed.

24.     Representatives of LGP advised Phillips that LGP would take all reasonable and professionally responsible steps necessary to prepare and try the Patent Case.

25.     LGP advised Phillips that Phillips had a serious disadvantage with a trial of the Patent Case, given the prior procedural history of Phillips' case and that LGP was limited to the pre-trial discovery done by Manthei.

26.     Phillips signed a "Contingent Fee Agreement" with LGP dated December 9, 2005. *See* Exhibit A attached and incorporated by reference ("Fee Agreement").

27.     At the time Phillips retained LGP as his lawyers, C.R.S. § 12-5-119 provided LGP with a "charging lien" on all monetary recovery by Phillips in the Patent Case.

28.     Edgington and HKE were hired, with Phillips' consent and agreement, to serve as Phillips' local counsel for the purposes of the trial of the Patent Case.

29.     The Patent Case proceeded to trial on February 27, 2006, with LGP as Phillips' trial counsel.

30.     Pursuant to the reasonable and prudent efforts of LGP, the jury returned a verdict in favor of Phillips for $1.85 M on March 10, 2006.

31.     LGP continued to represent Phillips on post trial matters.

32.     On or about November 27, 2006, Phillips terminated the services of LGP, having previously hired Herman, Greenberg and their law firm, Duane Morris, as counsel to represent him in the Patent Case without advising LGP.

33.     Herman and Greenberg entered their appearance as Phillips' counsel in the Patent Case on November 21, 2006.

34.     On or about November 27, 2006, LGP electronically filed, in the Patent Case, an Affidavit re Notice of Attorney's Lien.

35.     All Defendants named herein received a copy of LGP's Affidavit re Notice of Attorney's Lien.

36.     Upon information and belief, during December 2006, all of the Defendants participated in reaching a settlement in the Patent Case with the Defendants AWH Corporation, Hopeman Brothers, Inc. and Lofton Corporation with a monetary amount of $2.55M to be paid to Phillips ("AWH Settlement").

37.     At the time of the AWH Settlement, the Defendants knew or, in the exercise of reasonable care, should have known of Phillips' Fee Agreement with LGP and that LGP's statutory lien under C.R.S. § 12-5-119 attached to the $2.55M AWH Settlement.

38.     All Defendants, intentionally and tortiously, chose to disregard the rights of LGP in the Fee Agreement and LGP's statutory lien rights by disbursing $1.650M of the AWH Settlement to pay their own legal fees and costs, with the balance paid to Phillips.

39.    Only after Court Order in the Patent Case did Defendants Herman, Greenberg and Duane Morris pay into the Registry of the United States District Court for the District of Colorado the balance of the AWH Settlement remaining after the disbursements to themselves.

40.    The actions of the Defendants have deprived LGP of its contract remedies, its statutory lien rights and forced it to incur legal fees and other expenses to enforce such rights which it would not otherwise have to incur.

41.    An October 17-19, 2007 hearing was presently scheduled before Magistrate Judge Craig B. Shaffer in the Patent Case to determine the amount of fees and costs LGP is entitled to receive from the $2.55M AWH Settlement.

**FIRST CLAIM FOR RELIEF**
**Breach of Contract**
**(Edward H. Phillips)**

42.    Plaintiff incorporates by reference Paragraphs 1 through 41.

43.    Defendant Phillips entered into a contract with Plaintiff to perform legal services (Fee Agreement) in connection with the trial of the Patent Case as set forth in Exhibit A attached hereto.

44.    LGP has substantially performed in a reasonably and prudent manner all its obligations under the Fee Agreement.

45.    Phillips has failed and refused, despite demand, to pay Plaintiff as required under the contract.

46.    As a result of Phillips' breach of the Fee Agreement, Plaintiff has suffered damages.

### SECOND CLAIM FOR RELIEF
### Deceit based on Fraud
### (Edward H. Phillips)

47.     Plaintiff incorporates by reference Paragraphs 1 through 46.

48.     Phillips made false representations to Plaintiff that he owned or held Patent No. 4,677,798.

49.     The sworn testimony of Phillips, his filed representations to the Bankruptcy Court, and the statement of his attorney/agent at the 11 U.S.C. § 341 First Meeting of Creditors, pp. 15, 18, 20, and 26, demonstrate that Phillips does not own the patent.

50.     Ownership of Patent No. 4,677,798 was a material fact of the Patent case.

51.     At the time Phillips represented to Plaintiff that he owned Patent No. 4,677,798, Phillips knew the representation was false.

52.     Phillips made the representations regarding his ownership of Patent No. 4,677,798 with the intent that Plaintiff would rely on the representations.

53.     Plaintiff relied on Phillips' representations regarding ownership of Patent No. 4,677,798.

54.     Plaintiff's reliance was justified.

55.     As a result of this reliance, Plaintiff has suffered damages.

### THIRD CLAIM FOR RELIEF
### Conversion
### (All Defendants)

56.     Plaintiff incorporates by reference Paragraphs 1 through 55.

57.     Some time during or after December 2006, Defendants took dominion and control of the $2.55M AWH Settlement amount.

58.     After taking dominion and control of the AWH Settlement amount, the

Defendants then converted to their own use $1,650,000.00 of the AWH Settlement funds, all of

which were subject to the Plaintiff's statutory lien under C.R.S. § 12-5-119.

59.     Plaintiff has demanded return of the $1,650,000.00 but Defendants have refused.

### FOURTH CLAIM FOR RELIEF
### Civil Conspiracy
### (All Defendants)

60.     Plaintiff incorporates by reference Paragraphs 1 through 59.

61.     Defendants agreed, by words or conduct, to accomplish the unlawful act of

conversion of AWH Settlement funds to which Plaintiff's charging lien attached to their own

use.

62.     One or more unlawful acts were performed to accomplish this conversion.

63.     Plaintiff has suffered damages.

64.     Plaintiff's damages were caused by the acts referred to herein.

### FIFTH CLAIM FOR RELIEF
### Aiding and Abetting Conversion
### (All Defendants)

65.     Plaintiff incorporates by reference Paragraphs 1 through 64.

66.     All Defendants knew or should have known Plaintiff's statutory lien rights with

respect to the AWH Settlement funds.

67.     Even with such knowledge, Defendants, for themselves and to provide assistance

to each other, aided and abetted conversion of the AWH Settlement funds to their own and each

other's use.

68.     As a result of Defendants' actions, Plaintiff has suffered damages.

## SIXTH CLAIM FOR RELIEF
### Civil Theft
### (All Defendants)

69.     Plaintiff incorporates by reference Paragraphs 1 through 68.

70.     Defendants knowingly obtained and exercised control over the AWH Settlement funds to which Plaintiff's statutory lien and proprietary rights attached.

71.     Defendants, by their conduct, intended to permanently deprive Plaintiff of its rights to all or a portion of the AWH Settlement funds.

72.     Defendants' actions constitute civil theft as defined under C.R.S. §§ 18-4-401(1) and (1.5).

73.     Pursuant to C.R.S. § 18-4-405, Plaintiff is entitled to maintain this action against Defendants to restore all AWH Settlement funds; for treble damages; its reasonable attorney fees and costs.

## SEVENTH CLAIM FOR RELIEF
### Intentional Interference with Contractual Obligations
### (Defendants Herman, Greenberg, Duane Morris, Edgington and HKE)

74.     Plaintiff incorporates by reference Paragraphs 1 through 73.

75.     Plaintiff had a contract for legal services with Phillips in which Phillips agreed to pay for legal services performed by Plaintiff. (*See* Exhibit A attached).

76.     C.R.S. § 12-5-119 provides for a statutory lien in favor of Plaintiff on any funds derived from the terms of the contract for legal services.

77.     Defendants Herman, Greenberg, Duane Morris, Edgington and HKE knew of the contract and Plaintiff's statutory lien rights.

78.     With such knowledge, Defendants Herman, Greenberg, Duane Morris, Edgington and HKM intentionally interfered with Plaintiff's contract with Phillips and Plaintiff's statutory lien rights to the AWH Settlement funds.

79.     Defendants' conduct caused Plaintiff damages.

WHEREFORE, Plaintiff LaRiviere, Grubman & Payne, LLP prays for judgment in its favor and against:

(a)     Defendant Edward H. Phillips for damages for beach of contract;

(b)     Defendant Edward H. Phillips for damages based upon fraud by deceit.

(c)     All Defendants, jointly and severally, for conversion, civil conspiracy, aiding and abetting, and civil theft pursuant to C.R.S.§ 18-4-401 with treble damages and reasonable attorney fees pursuant to C.R.S. § 18-4-405;

(d)     Defendants John C. Herman, Allen L. Greensburg, Duane Morris LLP, M. Shane Edgington and Hensley, Kim and Edgington, LLC, jointly and severally, for intentional interference with contract; and

(e)     Pre- and post-judgment interest, expert witness fees and costs, and for such other and further relief as the Court deems proper in the circumstances.

Respectfully submitted this 12th day of June, 2009.

DUFFORD & BROWN, P.C.

    s/ Herbert A. Delap
Herbert A. Delap, #1005
Chris G. Baumgartner, #31144
Dufford & Brown, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290
ATTORNEYS FOR PLAINTIFF
LARIVIERE, GRUBMAN & PAYNE, LLP