IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01723-WYD-CBS

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,

    Plaintiff,

v.

EDWARD H. PHILLIPS, an individual;
JOHN C. HERMAN, individually and as a partner of Duane Morris, LLP;
ALLEN L. GREENBERG, individually and as a partner of Duane Morris, LLP;
DUANE MORRIS, LLP, a limited liability partnership;
M. SHANE EDGINGTON, individually and as a member of Hensley, Kim &
    Edgington, LLC;
HENSLEY, KIM & EDGINGTON, LLC, a Colorado limited liability company,

    Defendants.

and

EDWARD H. PHILLIPS,

    Counterclaimant

v.

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,

    Counterclaim Defendant.

## ORDER

THIS MATTER is before the Court on two motions to stay filed by Defendant/Counter Claimant Edward H. Phillips ["Phillips"] on August 19, 2009. Specifically, Phillips filed a Motion for Stay of Pre-Trial Disclosure and Discovery Deadlines and Procedures in Light of the Recommendation of United States Bankruptcy

Court Judge Brooks and a Motion for Stay Pending Resolution of the Re-Filed Motion to Dismiss Without Prejudice Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 [Doc. 281], and Request for Forthwith Oral Argument to the Court and Forthwith Ruling.

Plaintiff LaRiviere, Grubman & Payne ["LGP"] filed a response to the Motion for Stay of Pre-Trial Disclosure and Discovery Deadlines and Procedures in Light of the Recommendation of United States Bankruptcy Court Judge Brooks on August 21, 2009. Also, Phillips filed an Advisement to the District Court of Proceedings in the United States Bankruptcy Court for the District of Colorado, and Request for Forthwith Entry of Stay on August 18, 2009 ("Advisement").

On August 14, 2009, I issued a Minute Order stating that I would defer a ruling on whether a stay of this case is appropriate as to Phillips until the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court"] ruled on a motion to reopen the bankruptcy proceeding, and ordered the parties to promptly advise the Court once such a ruling was made. That Minute Order was based on the fact that Judge Brooks was going to have a hearing on the motion to reopen the bankruptcy proceeding on August 18, 2009, and I wanted to know the outcome of that proceeding in determining the issue of an automatic stay.

Pursuant to Phillips' Advisement, Judge Sid Brooks of the Bankruptcy Court conducted a status conference on August 18, 2009, and heard argument in the case of *In Re Edward Phillips & Dianne Phillips*, Case Nunber 91-18661. Judge Brooks did not issue a ruling on the motion to reopen the bankruptcy proceeding at that conference. Instead, he set an evidentiary hearing for September 30, 2009, to address the predicate

issue of standing.  Having been advised of the upcoming pretrial disclosure and discovery deadlines in this case, including the deadline for Phillips to disclose his counterclaim and affirmative defense experts, Judge Brooks issued an opinion (although of course advisory) that all the parties would be best served if this Court were to stay its pretrial deadlines and obligations until after the Bankruptcy Court resolved the threshold issue of standing in that case.

Despite LGP's objections to the contrary, I agree with Judge Brooks that it makes sense to stay all pretrial disclosure and deadlines in this case pending a ruling by Judge Brooks in the Bankruptcy Court.  This stay is limited in time frame, as Judge Brooks advised that he would rule as promptly as is possible, giving the case priority status. Further, the standing issue that he is going to rule on appears to bear significantly on issues that are central to this litigation, including who is the owner of the  Patent and the 2.55 million dollar settlement fund.

Accordingly, I grant Phillips' Motion for Stay of Pre-Trial Disclosure and Discovery Deadlines and Procedures in Light of the Recommendation of United States Bankruptcy Court Judge Brooks and his Request for Forthwith Entry of Stay.  A stay will be entered of all pretrial disclosure and discovery deadlines pending a ruling by Judge Brooks. Once a ruling is made in the bankruptcy proceeding, I will then consider whether a further stay of such deadlines is warranted.

I next address Phillips' Motion for Stay Pending Resolution of the Re-Filed Motion to Dismiss Without Prejudice Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 [Doc. 281], and Request for Forthwith Oral Argument to the Court and Forthwith

Ruling.  I find that this motion should be briefed and that the briefing schedule should not be stayed so that a ruling can be made expeditiously after Judge Brooks has ruled in the bankruptcy proceeding.  The parties are directed to D.C.COLO.LCivR 7.1.C as to the deadlines to file a response and reply brief.

Finally, I note that the stay does not impact any other briefing deadlines related to pending motions, which deadlines must still be complied with.  The stay relates only to pretrial disclosure and discovery deadlines.

Based on the foregoing, it is

ORDERED that Defendant/Counter Claimant Edward H. Phillips' Motion for Stay of Pre-Trial Disclosure and Discovery Deadlines and Procedures in Light of the Recommendation of United States Bankruptcy Court Judge Brooks (Doc. # 285) and his Request for Forthwith Entry of Stay (Doc. # 282) are **GRANTED.**  All pretrial disclosure and discovery deadlines are **STAYED** pending a ruling by Judge Brooks in the Bankruptcy Court.  After such a ruling is made, I will then reassess the issue of a stay.  It is

FURTHER ORDERED that the parties shall brief Defendant/Counter Claimant Edward H. Phillips' Motion for Stay Pending Resolution of the Re-Filed Motion to Dismiss Without Prejudice Pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 [Doc. 281], and Request for Forthwith Oral Argument to the Court and Forthwith Ruling pursuant to the deadlines set forth in D.C.COLO.LCivR 7.1.C.  Finally, it is

ORDERED that the deadlines related to briefing schedules on other pending motions are also not stayed and remain in full force and effect.

Dated: August 31, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge