IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01723-WYD-CBS

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,

    Plaintiff,

v.

EDWARD H. PHILLIPS, an individual;

    Defendant.

and

EDWARD H. PHILLIPS,

    Counterclaimant

v.

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,

    Counterclaim Defendant.

_____

**ORDER AFFIRMING RECOMMENDATION AND ORDER REGARDING
PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT**
_____

I.    <u>INTRODUCTION</u>

    This matter is before the Court in connection with LaRiviere, Grubman & Payne,

LLP's ["LGP"] Second Motion to Amend Complaint filed April 13, 2010 (ECF No. 350).  A

Recommendation and Order was issued as to this motion on July 15, 2010 (ECF No. 398).

Objections were then filed to the Recommendation by LGP and Defendant Edward H.

Phillips ["Phillips"].  For the reasons discussed in this Order, the Recommendation and

Order is adopted in its entirety and the Objections are overruled.

## II.    BACKGROUND

As explained in detail in the Recommendation and Order of Magistrate Judge Shaffer, the present litigation traces its origin back to a patent infringement case, Case No. 97-cv-00212-MSK-CBS ( "the Patent Case"), brought by Phillips against AWH Corporation and others.   LGP entered its appearance in that case in December 2005 on behalf of Phillips after Phillips parted ways with his first attorney, Carl Manthei.   (Recommendation at 3.)   A contingent fee agreement was signed by LGP and Phillips, whereby LGP would receive "the reasonable value of the Firm's services" or 45% of the amount recovered in the litigation, whichever was greater.   (*Id.*)   The agreement also provided that if Phillips terminated the agreement without wrongful conduct by the Firm, LGP may ask the court to order the client to pay LGP a fee based upon the reasonable value of the services provided.   (*Id.*)

LGP retained Hensley, Kim & Edgington LLC and Shane Edgington ["the HKE Defendants"] as local counsel and proceeded to trial, where they received a jury verdict and a damage award in the amount of $1.85 million.   (Recommendation at 4.)   In November 2006, Phillips discharged LGP and retained Duane Morris LLP to represent him.   (*Id.)*   In December 2006, Duane Morris LLP negotiated a disposition of the Patent Case ("the AWH settlement") under which Phillips received $2.55 million in settlement of his claims.   (*Id.*) Thereafter, the Duane Morris firm disbursed $1.65 million of the settlement funds, with portions going to Phillips and other amounts paid to Duane Morris LLP and Hensley, Kim and Edgington, LLC for fees and costs.   (*Id.*)

On December 23, 2005, Carl Manthei filed in the Patent Case a Notice of Attorney's Lien (ECF No. 232) and on February 14, 2007, a Motion to Preserve Settlement Proceeds,

for a Hearing to Determine Value of Attorney's Lien, and to Enforce Attorney's Lien (ECF No. 348). (Recommendation at 4.) LGP filed its own Notice of Attorney's Lien in the Patent Case on November 27, 2006 (ECF No. 338), and a separate Motion to Enforce Attorney's Lien on April 20, 2007 (ECF No. 362). (*Id.* at 4.) A three-day evidentiary hearing on the motion was set before Magistrate Judge Shaffer for October 17-19, 2007, which was then vacated after Phillips filed a motion to dismiss for lack of jurisdiction (ECF No. 411, 417.) (*Id.* at 4, 6.) In September 2007, Magistrate Judge Shaffer denied LGP's motion to enforce its lien without prejudice (ECF No. 425) pending a ruling on Phillip's motion to dismiss. (Rec. and Order at 6.) On September 4, 2008, Judge Krieger dismissed all "remaining liens, claims and counterclaims" in the case (ECF No. 516); thus, the proceeding in which LGP sought to adjudicate the attorney's fees to which it was entitled under the lien had come to an end. (*Id.* at 6-7.)

The instant action was filed by LGP on August 7, 2007. Judge Krieger was initially assigned to the case. The Complaint did not include a claim for an attorney's lien or a claim for equitable relief which could arguably encompass such a lien. The Amended Complaint filed on July 27, 2009 also did not include such claims. The Scheduling Order adopted the parties' proposed deadline of December 19, 2008 for joinder of parties and amendment of pleadings. (Recommendation at 10.)

On September 4, 2008, Judge Krieger dismissed the conversion, aiding and abetting conversion, and conspiracy claims against Duane Morris LLP, John C. Herman and Allen L. Greenberg ["the Duane Morris Defendants"] and the HKE Defendants after concluding that LGP could not lawfully claim title or an immediate possessory right to settlement funds until its lien had been reduced to judgment. (Recommendation at 9.) She denied the

motion to dismiss as to the civil theft claim against these Defendants.  The case was reassigned to me on October 22, 2008.

LGP's Second Motion to Amend Complaint was filed as a result of my Order of March 31, 2010 (ECF No. 341) in which I granted a Renewed Motion for Judgment on the Pleadings by the Duane Morris Defendants and dismissed LGP's claim of civil theft.  I was asked in that Order to address whether this case encompassed a claim to enforce an attorney's lien by LGP.  I found that while LGP had not asserted such a claim in the case, it had not necessarily forfeited that right.  (March 31, 2010 Order at 15.)  I stated that LGP "still may file a motion seeking to add such a claim", but expressed no opinion about the merits of such a motion.  (*Id.*)  I also stated, "[t]his is a procedural issues that the Court would have to address if LGP files such a motion." (*Id.*)

On April 13, 2010, LGP then filed its Second Motion to Amend Complaint seeking to add such a claim, and the motion was referred to Magistrate Judge Shaffer.  He held a hearing on the motion on May 14, 2010.

On June 1, 2010, LGP filed an Objection to Magistrate's Recommendation to Deny LGP's Second Motion to Amend Complaint (ECF No. 383.)  This Objection was based on the fact that Magistrate Judge Shaffer indicated at the hearing that he was inclined to deny LGP's motion.  (Hr'g Tr. 64:1-4, May 14, 2010, ECF No. 412-2.)  Thus, LGP filed the objection "in an abundance of caution."  (*See* LGP's Am. Objection at 2, ECF No. 407.)  Thereafter, on July 15, 2010, Judge Shaffer issued his written Recommendation and Order Regarding Plaintiff's Second Motion to Amend Complaint.  Amended Objections were then filed by LGP.  (ECF No. 407).  These Amended Objections supersede LGP's earlier Objection, and that Objection (ECF No. 383) is denied as moot.

Contrary to his initial inclination to deny in its entirety LGP's Second Motion to Amend Complaint as stated at the hearing, Judge Shaffer's Recommendation and Order recommended that LGP's motion be granted in part and denied in part.  Specifically, he recommended that the motion to amend seeking to add a claim to enforce LGP's attorney's lien be granted as to Phillips and denied as to the Duane Morris and HKE Defendants. Objections were filed to this Recommendation and Order by both LGP and Phillips which I address below.  I first address the substance of Magistrate Judge Shaffer's ruling.

Magistrate Judge Shaffer began by correctly noting that LGP's motion to amend was filed well beyond the December 19, 2008, deadline established in the Scheduling Order of the Court signed October 15, 2008.  (Recommendation at 14.)  Thus, he acknowledged that he must consider the interplay between Fed .R. Civ. P. 15(a) and 16 as to LGP's motion.  (*Id.*)   He noted that the Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders."  (*Id.*) (citing *United States ex rel. Richie v. Lockheed Martin Corp.*, 558 F.3d 161, 1166 (10th Cir. 2009)).  However, he noted that lower courts in this Circuit "have repeatedly looked to Rule 16(b)(4) where a party seeks leave to amend pleadings after the deadline for amending pleadings has passed", and found that the "good cause" requirement of Rule 16(b)(4) was applicable and should be satisfied by LGP before the Court was required to address the applicability of Rule 15(a).  (Recommendation at 15.)

The good cause standard requires the moving party to show that despite its diligent efforts, it could not have reasonably met the scheduled deadline.  (Recommendation at 16) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).  Thus, Magistrate Judge Shaffer focused on the diligence of LGP in seeking leave to amend the

complaint to add the attorney's lien claim.  (Recommendation at 17.)  He noted on that

issue that this is not a case where a party is seeking to amend based on an unanticipated

or untimely change in the law.  (*Id.*)  Indeed, he noted that Phillips and his successor

counsel gave notice of LGP's lien with a filing in the Patent Case on November 27, 2006.

(*Id.*)  Thus, as of that date, Magistrate Judge Shaffer found that LGP "was privy to all the

information it required to pursue enforcement of its lien, either in the context of the Patent

Case or through a separate civil action."  (*Id.*)

Magistrate Judge Shaffer further found that LGP purposely adopted a litigation

strategy that entailed litigating on two fronts.  (Recommendation at 17.)  LGP sought to

litigate the reasonableness of its fees under the contingent fee agreement with Phillips in

the Patent Case, and never joined the Duane Morris and HKE Defendants.  (*Id.* at 17-18.)

In this action, LGP pursued decidedly different objectives and legal theories, arguing that

the Duane Morris and HKE Defendants should be liable at law for their role in the dispersal

of settlement funds to the alleged detriment of LGP.  (*Id.* at 18.)  Magistrate Judge Shaffer

then stated:

> This two-pronged attack became problematic as early as September 4, 2008,
> when Judge Krieger dismissed the Patent Case and "all remaining liens,
> claims, and counterclaims" asserted in that litigation. As of September 5,
> 2008, the LaRiviere Firm had no claim in any case specifically seeking
> equitable enforcement of its lien. Nevertheless, the LaRiviere Firm did not
> move to amend the '07 Action to assert such a claim until well after the
> December 19, 2008 deadline which the parties had proposed to the court in
> their scheduling order.

(*Id.*)

Magistrate Judge Shaffer also rejected an argument by LGP that its motion to

amend was untimely only because Judge Krieger and I did not promptly rule on defense

motions challenging the claims against the Duane Morris and HKE Defendants, stating that a litigant's failure to assert a claim as soon as it could have must be considered in deciding whether to grant leave to amend.  (Recommendation at 18.)  He further found that the lack of prejudice to the non-moving party does not establish "good cause" for purposes of Rule 16(b)(4).  (*Id*. 19-20.)  In response to LGP's suggestion that in lieu of pursuing a separate lawsuit the proposed amendment will "expedite resolution of the parties' respective claims" (*id*. 19), he found that "[a]ny inefficiency that may result from successive litigation against the Duane Morris and HKE Defendants is attributable to Plaintiff's litigation strategy and failure to adhere to scheduling deadlines.  Like its motion to amend, "LGP's plea for efficiency seems untimely." (*Id*. 20.)  Finally, he stated that the court has an independent responsibility for case management, and that [b]oth the court and defendants are entitled to expect that by a date certain, the plaintiff's claims will be fixed and the case will proceed on that basis." (*Id*.)

Applying this analysis to LGP, Magistrate Judge Shaffer stated, "[b]ased upon the LaRiviere Firm's lack of diligence in pursuing a lien enforcement claim against the Duane Morris and the HKE Defendants, I conclude that LGP has not sustained its burden under Rule 16(b)(4) and recommend that Plaintiff's Second Motion to Amend Complaint be denied as to those entities and individuals." (Recommendation 20-21.)  He reached the opposite result, however, as to Phillips, finding that he is positioned quite differently than the Duane Morris and HKE Defendants.  (*Id*. 21.)

In explanation, Magistrate Judge Shaffer noted that unlike the other Defendants, LGP is not seeking to assert a new theory of relief against Phillips. (Recommendation 21.)  Thus, Phillips cannot persuasively claim to be surprised by LGP's motion.  (*Id*.)  Further,

the Recommendation found that Phillips' counsel acknowledged that "if Judge Krieger dismisses the [Patent Case], then the merits of the dispute between Mr. Phillips and LGP could be presented to this Court." *(Id)* Magistrate Judge Shaffer concluded as to Phillips:

> Quite frankly, Mr. Phillips' reliance on Rule 16(b)(4) seems to elevate form over substance. Given the prior concessions of his own counsel, Defendant Phillips has had ample notice of LGP's intent to pursue a lien enforcement claim against its former client. *Cf Scheidecker v. Arvig Enterprises, Inc.*, 193 F.R.D. 630, 633 (D. Minn. 2000) (finding good cause under Rule 16(b)(4) to grant plaintiff's untimely motion to amend, in part, because the defendant had long been aware of the entity that plaintiff was actually seeking to sue). Under the particular circumstances applicable to Mr. Phillips, I find good cause to allow the untimely motion for leave to amend as [to] that defendant.

(*Id.*)

Magistrate Judge Shaffer then turned to Rule 15(a) regarding the motion to amend as to Phillips, and noted that the underlying purpose of that rule is to facilitate a decision on the merits. (Recommendation at 21.) He noted correctly that motions to amend should be freely granted when justice requires and that "[t]he non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." (*Id.* at 22.) He then found "no evidence of bad faith in LGP's desire to formally assert in this action a lien enforcement claim against Mr. Phillips nor any indication that Defendant would be unduly prejudiced by allowing the proposed amendment." (*Id.* at 22-23.) To the extent that Phillips may challenge the new claim on grounds of futility, he found that those arguments are more efficiently raised in the context of a Rule 12(b)(6) motion, rather than indirectly under Rule 15(a). (*Id.* 23.) Accordingly, he concluded that LGP should be given leave through its Second Motion to Amend Complaint to assert its attorney's lien claim against Phillips, and that the Second Amended Complaint was deemed filed that day as to him. (*Id.* 23-24.)

III.    ANALYSIS

A.    Standard of Review

Since timely objections were filed, I must review Magistrate Judge Shaffer's Recommendation and Order as required by Fed. R. Civ. P. 72.   Generally a motion to amend a complaint is considered a nondispositive motion because it involves "'pretrial matter[s] not dispositive of a claim or defense of a party' within the purview of Fed.R.Civ.P. 72(a)."   *Grabau v. Target Corp.*, No. 06-cv-01308-WDM-KLM, 2008 WL 179442, at *5 (D. Colo. 1988).   Nondispositive motions are reviewed under a "clearly erroneous or contrary to law" standard.   Fed. R. Civ. P. 72(a). The clearly erroneous standard requires that the reviewing court affirm unless the magistrate judge's ruling unless the court "'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"   *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).   I find that this standard of review applies to the portion of Magistrate Judge Shaffer's ruling which recommends granting the motion to amend against Phillips.

It is not clear, however, which standard of review applies to the portion of the ruling denying LGP leave to amend the complaint to assert an attorney's lien claim against the Duane Morris and HKE Defendants.   *See Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. 2009) ("courts have been split on whether to treat certain motions to amend as dispositive").   These Defendants were previously dismissed from the case pursuant to my Order of March 31, 2010.

In *Chavez*, I stated that I would conduct a *de novo* review of a recommendation to deny a motion to amend which prevented the plaintiff "from essentially resurrecting his case against [the defendant], who was granted summary judgment".   *Id.*; *see also Cuenca v.*

*Univ. of Kansas*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002) ("When the magistrate judge's order denying a motion to amend. . .effectively removes a. . .claim from the case, it may well be a dispositive ruling that the district court should review *de novo*").  As in *Chavez* and in an abundance of caution, I will review the recommendation to deny LGP leave to amend as to the Duane Morris and HKE Defendants on a *de novo* basis, since it prevents LGP from resurrecting its case to assert a claim against these Defendants who were previously dismissed.  However, I note that my ruling would be the same under either standard.

      B.    <u>The Objections to the Recommendation</u>

          1.    <u>LGP's Objections</u>

I first address the portion of the recommendation that recommends denying leave to LGP to amend its complaint to add an attorney's lien claim against the Duane Morris and HKE Defendants.  In response, LGP filed its Amended Objection to the Recommendation.  This Objection will be reviewed on a *de novo* basis as stated above.[1]  The HKE Defendants filed a response to this objection on August 17, 2010 (ECF No. 409), Phillips filed a response on September 2, 2010 (ECF No. 411), and the Duane Morris Defendants filed a response on September 7, 2010 (ECF No. 412).  LGP's Amended Objection is overruled.

I first note that LGP has not shown that Magistrate Judge Shaffer erred in any way on the law in his Recommendation; specifically, the decision that LGP must meet the good cause standard for its motion under the requirement of Rule 16(a)(4) in addition to the requirements of Rule 15(a).  The only argument raised by LGP as to the legal analysis in the Recommendation on this issue is that the Tenth Circuit has not adopted a "good cause"

---

[1]  LGP's pending Amended Objection is ECF No. 407.  ECF No. 406 appears to be a duplicate of this objection.  Accordingly, my ruling encompasses both 406 and 407.

requirement in the context of an amendment to the complaint, citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006).  While true, this is simply because the Tenth Circuit has not decided the issue.  *See id.* (declining to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements" although noting that the Tenth Circuit has adopted such a requirement in the context of counterclaims asserted after the scheduling order deadline).

Magistrate Judge Shaffer correctly finds that the lower courts in this Circuit have found that the good cause requirement of Rule 16(b)(4) must be complied with in such a situation and that other circuit courts have held to the same effect (Rec. at 14-15), and I agree with his analysis of the issue.  I further note that given the fact the Tenth Circuit has applied Rule 16's standards to counterclaims filed after a scheduling order's deadline, *Minter*, 451 F.3d 1205 n. 4, it seems likely it would also apply such standards when a motion to amend the complaint to add a claim is made after the deadline in the scheduling order.[2]

I also agree with Magistrate Judge Shaffer's decision that LGP did not meet the good cause requirement of Rule 16(b)(4) in connection with its Second Motion to Amend Complaint as to the HKE and Duane Morris Defendants and that the motion to amend should be denied to the extent it seeks to add an attorney's lien claim against them.  I find that there can be no real dispute that LGP failed to act diligently in seeking leave to amend

---

[2]   The Tenth Circuit further noted in *Minter* that "given the rough similarity between the 'good cause' standard of Rule 16(b) and our 'undue delay' analysis under Rule 15, it would not affect the outcome."  *Id.* I find the same to be true as to the claim that LGP seeks to add against the Duane Morris and HKE Defendants.

its complaint to add the attorney's lien claim against these Defendants.  Indeed, as noted in the Recommendation, LGP filed its attorney's lien on November 27, 2006 in the Patent Case well before this lawsuit was filed, did not add the HKE or Duane Morris Defendants to that action, and purposely chose not to pursue the claim in this action.  Even after Judge Krieger dismissed the attorney's lien and any claims related to that lien in September 2008, LGP still chose not to pursue that claim in this Court despite its filing of an Amended Complaint in 2009.  In other words, "[a]s of September 5, 2008, the LaRiviere Firm had no claim in any case specifically seeking equitable enforcement of its lien.  Nevertheless, the LaRiviere Firm did not move to amend the '07 Action to assert such a claim until well after the December 19, 2008 deadline which the parties had proposed to the court in their scheduling order."  (Recommendation at 18.)

LGP also chose not to seek to add such a claim even after expressly stating that "enforcement of LGP's lien will be adjudicated in this action" in its Motion to Preserve Registry Funds filed in this case on September 26, 2008.  (Mot. to Preserve Registry Funds at 4, ECF No. 71.)  Even after the Duane Morris Defendants argued in their Motion for Judgment on the Pleadings filed February 13, 2009 that LGP chose to forego a claim for enforcement of its attorney's lien and that the deadline for amending the pleadings had passed (Mot. for J. on the Pleadings at 6, ECF No. 115), LGP still did not timely act to assert such a claim, even though it sought and was granted leave to amend its complaint in June and July of 2009.

LGP does not dispute any of the above facts.  Instead, it argues that the analysis applied by Magistrate Judge Shaffer in permitting the amendment of the complaint as to Phillips applies equally to the Duane Morris and HKE Defendants, and that he should thus

be allowed to amend the complaint and assert the attorney's lien claim against all the Defendants.   LGP further argues that none of the Defendants can be surprised by the motion as they all had ample notice of LGP's intent to pursue its claims.   Indeed, LGP asserts that the parties have been pursuing this case with such a claim in mind since LGP filed its attorneys' lien on November 27, 2006.

I agree with Magistrate Judge Shaffer that there is an important distinction between Phillips and the Duane Morris and HKE Defendants that requires adoption of his Recommendation and Order.   LGP filed an attorney's lien and motion for enforcement of the lien as to Phillips in the Patent Case as early as November 2006, and Phillips has been on notice since that time that LGP is seeking to enforce an attorney's lien against him related to the contingent fee agreement between the two parties.

By contrast, LGP did not assert an attorney's lien or file a claim related to such lien as to either the Duane Morris or the HKE Defendants in the Patent Case and those Defendants were never joined in that case or required to address the equitable enforcement action directed against Phillips.   (Rec. at 17-18.)   Instead, as noted by Magistrate Judge Shaffer, LGP chose to sue the Duane Morris and HKE Defendants in this case under a different strategy, arguing that they should be liable at law for their role in the dispersal of settlement funds to the alleged detriment of LGP.   (*Id.* at 18.)   Importantly, all claims were dismissed as to these Defendants as of March 31, 2010.   Given that they were never required to defend against such a claim despite the lien first being asserted in 2006 and have been out of the case for approximately seven months, I find it is far too late to bring these Defendants back in and require them to defend a new claim.   LGP was plainly not diligent in asserting such a claim against them.

Further, the Recommendation finds that Phillips' counsel conceded as far back as October 16, 2007, that both this action and the Patent Case raised the same core issues as to Phillips: "Does Mr. Phillips owe an attorney fee to LGP, and, if so, how much is owed." (Rec. at 21.) Phillips' counsel also acknowledged that "if Judge Krieger dismisses the [Patent Case], then the merits of the dispute between Mr. Phillips and LEG could be presented to this Court." (*Id.*) Given the prior concessions of his counsel, the issue of LGP's diligence as to Phillips is in a far different posture than as with the Duane Morris and HKE Defendants, as LGP has diligently pursued an attorneys' lien against Phillips since 2006 and was arguably under the impression from Phillips' counsel that it could proceed with that claim in this case.

LGP also argues that no prejudice will be suffered by any party and that cases should be decided on the merits, factors relevant to an analysis under Rule 15(a). I agree with Magistrate Judge Shaffer that the moving party must first meet its burden under Rule 16 before Rule 15 and its factors are addressed by the Court. Since LGP did not meet its burden as to the HKE and Duane Morris Defendants, the factors relevant to a Rule 15(a) analysis do not even come into play in regard to the Court's analysis. Based on the foregoing, I find no merit to LGP's Objections and affirm this portion of the Recommendation.

### 2.   Phillips' Objection

I now turn to Phillips' "Fed. R. Civ. P. 72 Objection to the Magistrate Judge's July 15, 2010, Recommendation and Order Regarding Plaintiff's Second Motion to Amend Complaint [Doc. #39]" (ECF No. 408 filed August 16, 2010). Phillips objects to the Magistrate Judge's recommendation to grant the motion to amend the complaint as to him

and allow LGP to assert a claim for enforcement of its attorney's lien.  As discussed in section III.A, *supra*, this Objection will be reviewed under the "clearly erroneous or contrary to law" standard.

Phillips states in his Objection that Magistrate Judge Shaffer's ruling was legally and factually correct, *i.e.*, that LGP was not diligent in seeking to amend its complaint and that it did not demonstrate good cause for the amendment as required by Rule 16(b)(4). However, he argues that the Magistrate Judge erred by failing to consistently apply the identical facts and law it applied to the other Defendants in ruling on the same claim against Phillips.  Phillips contends that the facts and conclusions reached as to the Duane Morris and HKE Defendants are also true as to Phillips, and that there is no basis to apply the facts and law differently as to him.  Thus, Phillips asserts that the Court should reject Magistrate Judge Shaffer's recommendation to grant leave to amend the complaint as to Phillips and apply the same ruling to Phillips that is applied to the Duane Morris and HKE Defendants.  I reject this argument for many of the same reasons discussed above in Section III.B.1, *supra*, and overrule Phillips' Objection.

Specifically, I agree with the Recommendation that there is an important distinction between Phillips and the other Defendants.  LGP asserted an attorney's lien claim against Phillips as early as November 2006 and has always maintained the viability of such a claim, initially in the Patent Case and later in this case.  Further, Phillips' counsel conceded that both cases involve the same issues and that if the Patent Case were dismissed, the merits of that dispute could be presented in this case.  (*Id.*)  Thus, LGP could arguably have been under the impression that Phillips agreed to resolve the attorney's lien in this case and/or that the issue was subsumed in the claims in this case.  Further, when the Court issued its

-15-

Order on March 31, 2010, that the attorney's lien claim was not part of this suit, LGP promptly sought leave to amend the complaint to add such a claim.  From this, LGP's lack of diligence that so plainly was applicable to LGP's attempt to add an attorney's lien claim against the HKE and Duane Morris Defendants is not necessarily applicable as to Phillips. I further find that Magistrate Judge Shaffer's analysis that the requirements of Rule 16(b)(4) and 15(a) are satisfied as to Phillips is not clearly erroneous or contrary to law. Accordingly, I find that this portion of the Recommendation should also be affirmed.

IV.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Magistrate Judge Shaffer's Recommendation and Order Regarding Plaintiff's Second Motion to Amend Complaint (ECF No. 398 filed July 15, 2010) is **AFFIRMED AND ADOPTED** in its entirety.  In accordance therewith, it is

ORDERED that Plaintiff's Second Motion to Amend Complaint (ECF No. 350) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, it is **GRANTED** to the extent that Plaintiff seeks to amend the Complaint to add a claim for an attorney's lien against Phillips.  It is **DENIED** to the extent that Plaintiff seeks to amend the Complaint to add a claim for an attorney's lien against former Defendants Duane Morris, LLP, John Herman, Allen Greenberg, Hensley, Kim & Edgington, LLC, and M. Shane Edgington.  It is

FURTHER ORDERED that the Second Amended Complaint attached as Exhibit F to Plaintiff's Second Motion to Amend Complaint (ECF No. 350-6) shall be revised to reflect the Court's ruling and to delete any reference to the Duane Morris Defendants or the HKE

Defendants.  It shall then be filed with the Court on or before **Wednesday, November 17, 2010.**  It is

FURTHER ORDERED that LGP's Objection to Magistrate's Recommendation to Deny LGP's Second Motion to Amend Complaint (ECF No. 383 filed June 1, 2010) is **DENIED AS MOOT**.  It is

FURTHER ORDERED that LGP's Amended Objection to Magistrate's July 15, 2010 Recommendation and Order Regarding Plaintiff's Second Motion to Amend Complaint (ECF No. 406 and 407 filed August 16, 2010) is **OVERRULED**.  Finally, it is

ORDERED that Phillips' Fed. R. Civ. P. 72 Objection to the Magistrate Judge's July 15, 2010, Recommendation and Order Regarding Plaintiff's Second Motion to Amend Complaint (ECF No. 399 filed August 16, 2010) is **OVERRULED**.

Dated:  November 9, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge