IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01723-WYD-CBS

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,

     Plaintiff,

v.

EDWARD H. PHILLIPS, an individual;

     Defendant.

and

EDWARD H. PHILLIPS,

     Counterclaimant

v.

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,

     Counterclaim Defendant.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

This matter is before the Court on HKE Defendants' Motion for an Award of

Attorneys' Fees filed April 9, 2010, the Motion for Attorneys' Fees by Duane Morris, LLP

["Duane Morris"] filed April 14, 2010, and LaRiviere, Grubman &Payne, LLP's ["LGP"]

<u>Unopposed</u> Motion to Bifurcate Motions for Attorneys' Fees filed May 3, 2010.  These

motions are fully briefed.

The motions for attorney fees filed by the HKE Defendants and Duane Morris seek an award of fees under Colo. Rev. Stat. § 13-17-201 due to the dismissal of the tort claims against them which they contend was done pursuant to Fed. R. Civ. P. 12(b)(6).  The statute Defendants rely on provides in relevant part:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.  This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in Rule 56 of the Colorado rules of civil procedure.

Colo. Rev. Stat. § 13-17-201.

The HKE Defendants and Duane Morris contend that an award of fees under this statute is applicable in this case and that such an award is mandatory.  Even though the statute references tort claims dismissed pursuant to Colo. R. Civ. P. 12(b), I agree with Defendants that this statute has been held to be applicable in federal court where state law tort claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n. 6 (10th Cir. 2000); *Zerr v. Johnson*, 905 F. Supp. 872, 874 (D. Colo. 1995).  I also agree with Defendants that when the statute is applicable an award of fees is mandatory.   *Kreft v. Adolph Coors Co.*, 170 P.3d 854, 859 (Colo. Ct. App. 2007).  Indeed, an award of fees must be made "regardless of whether the action was brought in good faith".  *State v. Golden's Concrete Co.*, 962 P.2d 919, 925 (Colo. 1998).

However, LGP contests the applicability of Colo. Rev. Stat. § 13-17-201 to the dismissal of its tort claims against the HKE Defendants and Duane Morris.  LGP correctly asserts that since this statute is in derogation of the common law American Rule that requires parties to bear their own legal expenses, it must be strictly construed. *Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. Ct. App. 2007).  I first analyze whether an award of fees is appropriate  and then address LGP's motion to bifurcate.

II.   ANALYSIS

    A.   Motions for Fees

        1.   Whether the Motions are Premature

LGP first argues that the motions for fees are premature as LGP has pending before the Court a motion to amend its Complaint to add a claim for enforcement of LGP's attorney's lien.  This argument is rejected as moot since I filed an Order yesterday, on November 9, 2010, adopting Magistrate Judge Shaffer's Recommendation on the motion as to these Defendants and denying the motion for leave to amend the complaint to add an attorney's lien claim as to them.  Accordingly, all claims have been dismissed against these Defendants and the motions are ripe for resolution.

        2.   Dismissal of the Civil Theft Tort Claim

I next address the civil theft claim which was dismissed separately from the other tort claims.  As to that claim, LGP argues that its dismissal was not entered against these Defendants under Fed. R. Civ. P. 12(b), but pursuant to Fed. R. Civ. P. 12(c), 56,

or 59(e).  Accordingly, LGP asserts that § 13-17-201 does not apply to that claim.  I agree, but for different reasons than expressed by LGP.

The order dismissing this claim arose in the following manner.  Judge Kreiger initially denied motions to dismiss as to the civil theft claim which were filed by the HKE Defendants and the Duane Morris Defendants by Order of September 4, 2008.  Both of the motions to dismiss were filed pursuant to Fed. R. Civ. P. 12(b).[1]  After I was assigned to the case, the Duane Morris Defendants again sought to dismiss the civil theft claim pursuant to a Renewed Motion for Judgment on the Pleadings filed pursuant to Fed. R. Civ. P. 12(c).

After a review of the renewed motion and response thereto which attached matters outside the pleadings, I advised the parties by Order of September 16, 2009, that the motion would be treated as a motion for summary judgment under Fed. R. Civ. 56.  Then, by Order of March 31, 2010, I granted the Duane Morris Defendants' motion and dismissed the civil theft claim.  While that Order acknowledged that I had previously converted Defendants' motion to a summary judgment motion, I found that the motion should actually be treated as a motion for reconsideration since it sought to overturn a previous ruling of the Court, i.e, Judge Krieger's Order of September 4, 2008, denying the motion to dismiss this claim.  (March 31, 2010 Order at 11.)

While LGP argues that such a motion to reconsider is governed by Rule 59(e), I do not agree. The motion to reconsider was made as to an interlocutory order of Judge

---

[1]  Judge Krieger granted their motions to dismiss as to the other tort claims, which I discuss in the next section.

Krieger that denied dismissal of the claim.  Rule 59(e) applies only to those motions to reconsider filed *after* dismissal of a claim where a final order of the Court and judgment have issued and the motion is filed within ten days of the entry of judgment.  *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).  By contrast, as noted in my March 31 Order, motions to reconsider an interlocutory order such as Judge Krieger's Order are not governed by Rule 59 or 60(b).  (March 31, 2010 Order at 5) (citing *Haas v. Tulsa Police Dep't*, No. 02-5043, 2003 WL 255396, at *3 (10th Cir. Feb. 5, 2003)); *see also Frye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n. 2 (10th Cir. 2008).

LGP also argues that the motion should have been treated as a motion for summary judgment pursuant to Rule 56 since I stated in converting the motion that it was appropriate to consider the attached materials and my Order did not state it was excluding such materials.  Again, I disagree.  The motion was properly treated as a motion to reconsider an interlocutory order, and the summary judgment standard is inapplicable to such a motion.  (March 31, 2010 Order at 11.)  Instead, as to such motions to reconsider "[c]ourts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous."  (*Id.*) (quoting *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).  Under that standard I found that the Duane Morris Defendants' motion should be granted on the basis that Judge Krieger's Order "was "erroneous as reinforced by new controlling authority."  (*Id.*) That standard is clearly not the applicable standard under either Fed. R. Civ. P. 56 or 12(b).

Accordingly, I find that § 13-17-201 does not apply to the dismissal of the civil theft claim and an award of fees is inappropriate as to such a claim.  Defendants' motions are thus denied as to that claim.

3.    The Remaining Tort Claims

I find that a different result applies to the other tort claims which were dismissed by Judge Krieger in her Order of September 4, 2008, which include the claims of conversion, civil conspiracy, aiding and abetting conversion, and tortious interference with contract.  As to those tort claims, I find that Defendants' motions for attorney fees should be granted since they were dismissed pursuant to Rule 12(b).  LGP does not dispute that these claims were dismissed under that rule.  Instead, LGP asserts that Colo. Rev. Stat. § 13-17-201 was not intended to apply in these circumstances.

Specifically, LGP states that in enacting § 13-17-201, the Colorado General Assembly limited the statute's application to dismissals on motions under Rule 12(b) of the Colorado Rules of Civil Procedure, meaning that it was drafted to apply to Colorado state court proceedings.  While LGP acknowledges that the statute has subsequently been applied to federal court proceedings and the corresponding Federal Rules, it asserts that there is a significant difference between the two sets of procedural rules.

Under the Colorado Rules a case does not begin to move forward until the matter is "at issue."  If a party files a motion under Colo. R. Civ. P. 12(b), LGP asserts that the case cannot become "at issue" until the motion is ruled on absent an order from the Court.  LGP argues that as a practical matter, little action will be taken in the case

until the Rule 12(b) motion is ruled on and, consequently, the fees that might be incurred by a party and subject to an award under § 13-17-201 are minimized.

By contrast, the Federal Rules of Civil Procedure do not utilize the concept of an "at issue" date, and the case moves forward based upon the date when the defendants are served or otherwise appear in the action.  *See* Fed R. Civ. P. 16(b)(2).  As a consequence, LGP asserts that under the Federal Rules, the litigation continues without regard to pending Rule 12(b) motions and substantial action may occur in the case during the pendency of the motions.  LGP asserts that the end result is the potential for a far harsher consequence under the Federal Rules then the Colorado General Assembly envisioned when it drafted the statute for application to the Colorado Rules. LGP further asserts that the inequity of this result is readily apparent here where the action against Duane Morris and the HKE Defendants was not dismissed until more than two years after the initial complaint was filed and after substantial fees were incurred.

I reject LGP's argument that § 13-17-201 should not be applied under the circumstances of this case.  First, the statute has been uniformly applied in federal cases to dismissals under Rule 12(b) of the Federal Rules of Civil Procedure.  None of these courts held that the lack of a federal "at issue" stay rendered the fees statute inapplicable in diversity cases.  *See Jones*, 203 F.3d at 757 n. 6; *Zerr*, 905 F. Supp. at 874.  Also, LGP chose to file this diversity case in the federal forum over a state forum. LGP cannot opt for federal court and its procedural rules, then complain that the fees

statute should not be applied in this forum because it might have been applied differently in state court.

Also as noted by the HKE Defendants, the "at issue" stay provision of the Colorado Rules relied on by LGP did not exist when the fees statute was first enacted in 1987, and it has never been amended.  Colo. Rev. Stat. § 13-17-201 (2009).  In comparison, the concept of the "at issue" date, with its effective stay of many pretrial activities until answers are filed, was part of the massive overhaul of the Colorado Rules of Civil Procedure that occurred in 1994.  Prior to 1994, there was no "at issue" stay.  *See, e.g.,* Richard P. Holme, *Colorado's New Rules of Civil Procedure, Part I: Case Management and Disclosure*, 23 Colo. Lawyer 2467, 2470-72 (Nov. 1994).  Thus, in 1987 when the statute was enacted the Colorado General Assembly could not have "envisioned" any application of the fees statute under procedural rules that would not be adopted for several years.  Accordingly, it could not have intended the fees to apply only in a situation where a case is essentially stayed until the case is "at issue."

The HKE Defendants further point out that three of the six defenses under Colo. R. Civ. P. 12(b) are not waived if they are not asserted in a motion to dismiss filed in lieu of an answer, including the defense of failure to state a claim.  Colo. R. Civ. P. 12(h)(2) & (3).  As such, even in state court a Rule 12(b) dismissal can enter well after a case is "at issue."  This is illustrated by the case of *Abrahamson v. City of Montrose*, 77 P.3d 819, 823 (Colo. App. 2003), wherein § 13-17-201 was held to apply even to a dismissal granted *after trial* when the Rule 12(b) motion was filed "prior to trial."  As grounds for this ruling, *Abrahamson* held that denying the City its attorney fees under the statute

would "lead to an illogical result and would not give effect to the General Assembly's intent to deter the institution or maintenance of unnecessary litigation concerning tort claims." *Id.* at 823.  The holding in *Abrahamson* thus illustrates that the "at issue" date is irrelevant in evaluating whether a motion under § 13-17-201 is timely.  Further, it demonstrates that the "at issue" stay does not guarantee lower fees awards, and that the statute should not necessarily be applied in ways designed to protect the offending plaintiff.

Further, the amount of fees sought by Defendants in this case has not even necessarily been inflated by the lack of an "at issue" stay in this Court.  Under a hypothetical application of Colo. R. Civ. P. 16(b)(1), this case would have been "at issue" on October 13, 2008, shortly after Judge Kreiger's dismissal order, when LGP answered Phillips' counterclaims.  (ECF No. 77.)  At that time the civil theft claim still remained pending and § 13-17-201 was not yet applicable.  The Order dismissing the civil theft claim was entered more than eighteen months later only because I granted a motion to reconsider the ruling on that claim.  That could also have occurred in state court.  *See Broyles v. Fort Lyon Canal Co.*, 695 P.2d 1136, 1144 (Colo. 1985) ("Every ruling or order made in the progress of an ongoing proceeding may be rescinded or modified during that proceeding upon proper grounds.")

Based on the foregoing, I find that § 13-17-201 applies to the tort claims which were dismissed by Judge Krieger in September 2008.  This ruling properly gives effect to § 13-17-201, the purpose of which is to "discourage unnecessary litigation of tort claims." *Golden's Concrete Co.*, 962 P.2d at 925.  Accordingly, the HKE Defendants

-9-

and Duane Morris will be granted reasonable attorney fees incurred in defending these claims.

B.    Motion to Bifurcate

Finally, I grant LGP's Unopposed Motion to Bifurcate Motions for Attorneys' Fees.  LGP requested in its motion that if I were inclined to grant the motions for fees,  I bifurcate the issue of whether an award of fees is appropriate in the first instance from the issue of the amounts and reasonableness of the fees sought.  LGP also requested that the Court set a hearing whereby argument could be presented as to the amount and reasonableness of the fees, as well as allow LGP an opportunity to file a response on this issue and the Defendants to file a reply.  I agree that this is appropriate.

Accordingly, LGP shall file a response to the motions for attorney fees on the issue of the amount and reasonableness of the attorney fees requested by Tuesday, November 30, 2010.  Replies shall be filed by the HKE and Duane Morris Defendants by Wednesday, December 15, 2010.  The HKE and Duane Morris Defendants are advised that they should address the impact on the amount of fees requested in their initial motions by the Court's ruling that it will not award fees related to the civil theft claim.  A hearing on the amount of attorney fees to be awarded and the reasonableness of the fees is set for Friday, January 28, 2011, at 2:30 p.m.[2]

---

[2]  These motions will thus not be addressed at the hearing scheduled in this case for December 7, 2010, at 2:00 p.m.  That hearing will address the other pending motions and any pending objections to rulings of Magistrate Judge Shaffer.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that HKE Defendants' Motion for an Award of Attorneys' Fees (ECF

No. 348 filed April 9, 2010) and the Motion for Attorneys' Fees by Duane Morris, LLP

(ECF No. 356 filed April 14, 2010) are **GRANTED** consistent with this Order.  The HKE

Defendants and Duane Morris shall be awarded reasonable attorneys' fees related to

their defense of the torts asserted against them in the Complaint with the exception of

the civil theft claim.  It is

FURTHER ORDERED that LaRiviere, Grubman & Payne, LLP's Unopposed

Motion to Bifurcate Motions for Attorneys' Fees (ECF No. 369 filed May 3, 2010) is

**GRANTED**.  The issue of whether an award of attorney fees is appropriate in the first

instance as addressed in this Order is bifurcated from the issue of the amount of fees to

be awarded and the reasonableness of the fees.  As to the amount and reasonableness

of fees, it is

ORDERED that LaRiviere, Grubman & Payne, LLP shall file a response

addressing the amount of fees and reasonableness of fees requested by the HKE

Defendants and Duane Morris in their motions for fees by **Tuesday, November 30,**

**2010**.  Replies shall be filed by the HKE Defendants and Duane Morris by **Wednesday,**

**December 15, 2010.**  A hearing on the amount of attorney fees to be awarded to the

HKE Defendants and Duane Morris is set for **Friday, January 28, 2011, at 2:30 p.m.**

Dated:  November 10, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge