IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01723-WYD-CBS

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,

    Plaintiff,

v.

EDWARD H. PHILLIPS, an individual;

    Defendant.

and

EDWARD H. PHILLIPS,

    Counterclaimant

v.

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,

    Counterclaim Defendant.

---

**ORDER**

---

THIS MATTER is before the Court in connection with an upcoming hearing set for Monday, February 28, 2011, on the amount and reasonableness of attorney fees to be awarded to Defendants Duane Morris, LLP, Allen L. Greenberg and John C. Herman [collectively "Duane Morris"] and Hensley, Kim & Edgington and M. Shane Edgington [collectively "HKE"].  The Court has been advised that a settlement was reached between HKE and Plaintiff LaRiviere, Grubman & Payne, LLP ["LGP"]; consequently, this Order is directed at the issue of fees to be awarded to Duane Morris.

By way of background, by Order of November 10, 2010, I granted motions for attorneys' fees filed by Duane Morris and HKE. The motions for attorney fees sought an award of fees against LGP under Colo. Rev. Stat. § 13-17-201 due to the Court's dismissal of the tort claims against these Defendants. Specifically, Judge Krieger dismissed the tort claims of conversion, conspiracy, aiding and abetting and intentional interference claims against HKE and Duane Morris by Order of September 4, 2008. I dismissed the only remaining claim of civil theft against these Defendants by Order of March 31, 2010.

As noted in my November 10, 2010 Order, under § 13-17-201 an award of fees is mandatory, even in federal court, when state law tort claims are dismissed pursuant to Fed. R. Civ. P. 12(b). I found in the Order that while the four tort claims dismissed by Judge Krieger were dismissed pursuant to Rule 12(b), the civil theft claim dismissed in my March 31, 2010 Order was not. Accordingly, I found that an attorney fee award was appropriate only as to the conversion, conspiracy, aiding and abetting and intentional interference claims dismissed by Judge Krieger, and not the civil theft claim. I ordered that HKE and Duane Morris "shall be awarded reasonable attorneys' fees related to their defense of the torts asserted against them in the Complaint with the exception of the civil theft claim." (Nov. 10, 2010 Order at 11.)

The November Order bifurcated the issue of whether an award of fees was appropriate from the issue of the amount and reasonableness of the fees sought. The amount of fees to be awarded was to be determined at the hearing currently set on February 28, 2011. LGP was ordered to file a supplemental response addressing the

amount and reasonableness of fees requested by the Defendants in their motions and the Defendants were to file a reply brief.

On November 30, 2010, LGP filed its supplemental response as directed by the Court. In that response, it pointed out that an award of attorney fees is not appropriate under § 13-17-201 unless the entire *action* is dismissed under Rule 12(b), citing authority that was never previously raised by LGP. Since I dismissed only four of the five tort claims under Rule 12(b), LGP argued that the statute was inapplicable. I agree with LGP under the authority cited in its supplemental response that an award of fees is not appropriate under § 13-17-201 since the entire tort action was not dismissed under Rule 12(b). *See Jaffe v. City and County of Denver*, 15 P.3d 806, 814 (Colo. Ct. App. 2000) (§ 13-17-201 "requires a court to award reasonable attorney fees whenever an entire tort action, but not a single tort claim is dismissed" under Rule 12(b)); *Holland v. Board of County Comm'rs of the County of Douglas*, 883 P.2d 500, 510 (Colo. Ct. App. 1994) (concluding defendants were not entitled to attorney fees under § 13-17-201 because the trial court's Rule 12(b)(5) dismissal affected only some of the tort claims and the claims were dismissed on summary judgment); *First Interstate Bank of Denver v. Berenbaum*, 872 P.2d 1297, 1302 (Colo. Ct. App. 1993) (finding an award of fees under the statute inappropriate where both of the tort claims against a defendant were dismissed but one was dismissed under Rule 12 and the other on summary judgment).

Duane Morris concedes in its reply that an award of fees is not appropriate under § 13-17-201 since the entire tort action was not dismissed under Rule 12(b), but argues that I should reconsider my finding that an award of fees was not appropriate as to the

civil theft claim. Specifically, Duane Morris asks me to reconsider my ruling and find, contrary to my November 10, 2010 Order, that the civil theft claim was dismissed under Rule 12(b). If I were to make this ruling, Duane Morris argues that an award of fees would then be appropriate and mandated under § 13-17-201 since the entire tort action would have been dismissed under Rule 12(b).

I deny Duane Morris' request to reconsider my ruling. My Order contains a detailed analysis of the issue and I find no error in my ruling that the civil theft action was not dismissed under Rule 12(b). Duane Morris has not shown that I "misapprehended the facts, a party's position, or the controlling law", as required to obtain reconsideration of a ruling. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Duane Morris has also not shown that my ruling was clearly erroneous. *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) ("Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous.").

In the alternative, Duane Morris requests that I award fees for its defense of the tort claims under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. This request is denied without prejudice. The issue was raised in Duane Morris' reply brief and there was no opportunity for LGP to respond, as specifically required by Fed. R. Civ. P. 11(c)(1). If Duane Morris contends that sanctions are appropriate under Rule 11 and/or 28 U.S.C. § 1927, it must raise this argument in a separate motion, explaining in detail why fees are warranted and complying with the requirements of Rule 11. Duane Morris must also

address the issue of whether a motion seeking sanctions under Rule 11 is appropriate at this stage of the litigation, when the claims have been dismissed. *See Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) (holding that motions for sanctions should have been denied because they were not filed until after the district court dismissed the complaint. . . .'service of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.'") (quotation omitted).

In conclusion, it is

ORDERED that the hearing set for Monday, February 28, 2011, at 2:00 p.m. is **VACATED**. It is

FURTHER ORDERED that Duane Morris' request for fees pursuant to Fed. R. Civ. P. 11 and/or 28 U.S.C. § 1927 in its Reply to Plaintiff/Counterclaim Defendant LaRiviere, Grubman & Payne, LLP's Response to Motion for Attorneys' Fees (ECF No. 440) is denied. Any such request must be made in a separate motion as detailed in this Order.

Dated: February 25, 2011

                                              BY THE COURT:

                                              s/ Wiley Y. Daniel
                                              Wiley Y. Daniel
                                              Chief United States District Judge