IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01723-WYD-CBS

LARIVIERE, GRUBMAN & PAYNE, LLP, a California limited liability partnership,

      Plaintiff,

v.

EDWARD H. PHILLIPS, an individual;

      Defendant.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on Duane Morris, LLP, Allen L. Greenberg, and John C. Herman's [collectively "the Duane Morris Parties"] Motion for Entry of Final Order Awarding Costs and the Duane Morris Parties' Motion to Alter, Amend, and Correct Final Judgment.  These motions are fully briefed.

II.    <u>ANALYSIS</u>

      A.    <u>Motion for Entry of Final Order Awarding Costs</u>

      I fist address the Motion for Entry of Final Order Awarding Costs that was filed on August 16, 2011.  A response was filed on September 9, 2011, and a reply was filed on September 30, 2011.

      This motion requests costs from LaRiviere, Grubman & Payne, LLP ["LGP"] in connection with the dismissal of all of LGP's claims against the Duane Morris Parties.

The Duane Morris Parties argue that where a defendant successfully obtains dismissal of all claims against it through a series of dispositive motions, the defendant is the prevailing party for the purpose of awarding costs under Fed. R. Civ. P. 54(d)(1), citing *Anderson v. Cunningham*, 319 Fed. Appx. 706, 711 (10th Cir. Mar. 30, 2009).  The Duane Morris Parties note that they filed a Bill of Costs after the Court granted judgment on the pleadings as to LGP's final claim.  The Clerk of Court rejected the filing as premature because no final judgment had been entered.  They now seek an order authorizing the recover of such costs.

In response, LGP asserts that the motion should be denied as procedurally deficient because the motion requests a Final Order and Judgment but the final Judgment was actually issued on August 24, 2011.  LGP argues that the Final Judgment, which does not indicate that the Duane Morris Parties are the prevailing parties or that they are entitled to an award of costs, supersedes the motion.  I reject this argument.  As the Duane Morris Parties note, LGP cites no authority suggesting that the entry of a final judgment before a motion for costs was ruled on would render that motion deficient or moot.  I also agree with the Duane Morris Parties that even if LGP were correct, they cured any such deficiency by filing a Motion to Alter, Amend, and Correct Final Judgment that incorporated the cost motion.  That motion is addressed below.

LGP also argues in response to the motion that the Bill of Costs previously filed on April 14, 2010, is procedurally deficient as it was not filed within fourteen days after the entry of the judgment or final order.  Again, I reject this argument.  That Bill of Costs

was already rejected by the Court in recognition of the fact that there was no final judgment or order.  The Duane Morris Parties are now seeking a ruling that they are entitled to an award of costs.  I agree with them that if the Court grants the request for costs, it would at that time be appropriate for the Duane Morris Parties to file an amended bill of costs.  Any specific objections to the costs sought in that bill of costs can and should be made in connection with the costs taxed under that bill.

Finally, I must address the merits of the motion.  I agree with the Duane Morris Parties that they are the prevailing party for purposes of Fed. R. Civ. P. 54(d)(1) as to LGP's claims against them.  Indeed, LGP has not disputed this.  Accordingly, the Duane Morris Parties' Motion for Entry of Final Order Awarding Costs is granted.  The Clerk of Court will be directed to amend the Final Judgment of August 24, 2011, to reflect that the Duane Morris Parties are the prevailing party as to LGP's claims, as discussed below in connection with the Motion to Alter, Amend, and Correct Judgment.  Once the amended judgment is filed, the Duane Morris Parties may file a bill of costs within the appropriate time frame.

B.     Motion to Alter, Amend, and Correct Final Judgment

The Duane Morris Parties also move the Court for an Order altering, amending, and correcting the Final Judgment dated August 24, 2011 so that it is in accord with prior judgments and orders entered by the Court on September 4, 2008 and March 10, 2010. I note that an Amended Final Judgment was filed on September 20, 2011 but it does not address the alleged errors in the initial Final Judgment that the Duane Morris Defendants seek to correct.  Thus, the initial Final Judgment, as drafted, is the subject of the proposed

amendments.   A response was filed on October 17, 2011, and a reply was filed on November 3, 2011.

The motion at issue is filed pursuant to Federal Rules of Civil Procedure 59(e) and 60(a).  Fed. R. Civ. P. 59(e) provides that a party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment.  There are three major grounds that justify reconsideration under Rule 59(e):  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  Fed. R. Civ. P. 60(a) provides in part that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

The Duane Morris Parties assert that there are three errors or omissions in Section I of the Final Judgment.  First, they assert that Section I states the incorrect date for Judge Krieger's Opinion and Order Granting, in Part, Motions to Dismiss, and Denying Motion to Stay and Motion for Entry of Default (ECF No. 62).  That Order was entered on September 4, 2008, but Section I incorrectly states the date as March 31, 2010.  I agree with the Duane Morris Parties that the Final Judgment of August 24, 2011, should be amended to reflect the correct date of Judge Krieger's Order.  Indeed, LGP does not dispute this. Accordingly, the Motion to Alter, Amend, and Correct Final Judgment is granted on this issue.

Second, the Duane Morris Parties argue that the "FURTHER ORDERED . . ." paragraph of Section I of the August 2011 Final Judgment creates several ambiguities that

require correction.  This paragraph references judgment entered in favor of both the Hensley firm and Duane Morris on LGP's claims for conversion, civil conspiracy, aiding and abetting conversion, and tortious interference with contract.  It fails to mention Defendants John Herman and Allen Greenberg, even though the September 4, 2008 Order also dismissed these claims as to them.  Again, I agree and grant the motion on this issue, and note that LGP does not object to this.  The Clerk of Court will be directed to amend this paragraph in the Final Judgment of August 24, 2011, to reflect that judgment also entered in favor of John Herman and Allen Greenberg on LGP's claims.

Third, the Duane Morris Parties assert that the same paragraph in Section I incorrectly states that "the civil theft claim against Duane Morris shall proceed", even though the civil theft claim was later dismissed as to the Duane Morris Parties through the granting of their motion for judgment on the pleadings by Order of March 31, 2010 (ECF No. 341).  I agree with the Duane Morris Parties, and will order the Clerk of Court to strike the language in Section I stating, "the civil theft claim against Duane Morris shall proceed."  While LGP argues that this change is superfluous, I disagree.  The Motion to Alter, Amend, and Correct Final Judgment is also granted as to this issue.

As to Section II of the August 2011 Final Judgment, the motion asserts that it correctly notes that the Court's March 31, 2010 Order granted the Duane Morris Parties' Renewed Motion for Judgment on the Pleadings, but fails to reflect that the March 31, 2010 Order resolved LGP's civil theft claim in favor of the Duane Morris Parties.  Again, I agree and grant the Motion to Alter, Amend, and Correct Final Judgment on this issue.  The Final

Judgment of August 24, 2011, shall be amended to specify that the March 31, 2010 Order dismissed LGP's civil theft claim against the Duane Morris Parties.

Finally, the Duane Morris Parties ask that Section V of the August 2011 Final Judgment be amended as to the statement that "each party shall bear its own costs and fees incurred in the civil action." Since the Duane Morris Parties prevailed in this action on all claims asserted against them, they assert that they are entitled to recover costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and that the Final Judgment should be amended to reflect this. Again, I agree. Indeed, I previously found that the Duane Morris Parties' Motion for Entry of Final Order Awarding Costs should be granted, and that the Final Judgment of August 24, 2011, would be amended to reflect that the Duane Morris Parties are entitled to recover costs.

III.    <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Duane Morris, LLP, Allen L. Greenberg, and John C. Herman's [collectively the Duane Morris Parties] Motion for Entry of Final Order Awarding Costs filed August 16, 2011 (ECF No. 503) is **GRANTED**. It is

FURTHER ORDERED that Duane Morris, LLP, Allen L. Greenberg, and John C. Herman's Motion to Alter, Amend, and Correct Final Judgment filed September 2, 2011 (ECF No. 511) is **GRANTED**. In accordance therewith, it is

ORDERED that the Final Judgment of August 24, 2011, will be further amended as follows:

(1) The opening paragraph of Section I will be modified to read as follows:

I. Pursuant to and in accordance with the Opinion and Order Granting, in Part, Motions to Dismiss, And Denying Motion to Stay and Motion for Entry of Default filed September 4, 2011, by the Honorable Marcia S. Krieger, United States District Judge, and incorporated herein by reference as if fully set forth, it is

(2) The third paragraph in Section I beginning "FURTHER ORDERED" will be modified to read as follows:

FURTHER ORDERED that judgment is entered in favor of Defendant Hensley and against Plaintiff LaRiviere, Grubman, & Payne, LLP on Duane Morris' Motion to Dismiss (#27) and in favor of Defendants Duane Morris, LLP, John C. Herman, and Allen L. Greenberg and against Plaintiff LaRiviere, Grubman, & Payne, LLP on Plaintiff's claims for conversion, civil conspiracy, aiding and abetting conversion, and tortious interference with contract.

(3) Section II of the Final Judgment will be modified to read as follows:

II. Pursuant to and in accordance with the Order filed March 31, 2010, by the Honorable Wiley Y. Daniel, Chief United States District Judge, and incorporated herein by reference as if fully set forth, it is

ORDERED that judgment is hereby entered on Defendants Duane Morris, LLP, Allen L. Greenberg, and John C. Herman's Renewed Motion for Judgment on the Pleadings (#283) in favor of

Defendants John C. Herman; Allen L. Greenberg; Duane Morris, LLP; M. Shane Edgington; and Hensley, Kim & Edgington, LLC, and against Plaintiff, LaRiviere, Grubman, & Payne, LLP, on Plaintiff's claim for civil theft under C.R.S. § 18-4-405.

(4) The paragraph of Section V of the Final Judgment addressing the award of costs will be modified to read as follows:

ORDERED that Defendants Duane Morris, LLP, John C. Herman, and Allen L. Greenberg are the prevailing parties and thus are entitled to recover reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and that all other parties shall bear their own costs and fees incurred in the civil action.

Dated:  February 2, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge